John C. ANGGELIS, Appellant,

v.

Luther M. LAND, Individually and Luther M. Land, Fayette County Court Clerk, Appellee.

Court of Appeals of Kentucky.

Oct. 18, 1963.

Charles V. Collins, John W. Collis, Lexington, for appellant.

Herbert D. Sledd, Armand Angelucci, Lexington, for appellee.

WADDILL, Commissioner.

This is an appeal from a judgment of the Fayette Circuit Court refusing to order the Fayette County Court Clerk to issue appellant a certificate of nomination (KRS 119.090), as Democratic nominee, for the office of State Senator from the Twelfth Senatorial District of Kentucky.

By the 1963 Redistricting Act passed by a special session of the Kentucky Legislature, Fayette County, which had comprised the Thirteenth Senatorial District, was divided into two districts, the Twelfth, that part of the county outside the corporate limits of the City of Lexington, and the Thirteenth, that part of the county comprising the City of Lexington. See KRS 6.010. This Act was approved by the Governor and, by reason of an emergency clause which in effect recognizes that candidates for the office of State Senator from each odd-numbered district must file for nomination in 1963, became effective February 28, 1963.

Appellant contends that: The Act created a new Twelfth Senatorial District; there is a vacancy in the office of Senator from the Twelfth District, and the people of the District will not be represented in the 1964-Senate unless the county clerk certifies and places on the ballot for the November, 1963-Election the names of the qualified candidates for Senator from that District.

Section 31 of the Kentucky Constitution provides:

"At the general election in the year one thousand eight hundred and ninety-three one Senator shall be elected in each Senatorial District, and one Representative in each Representative District. The Senators then elected shall hold their offices, one-half for two years and one-half for four years, as shall be determined by lot at the first session of the General Assembly after their election, and the Representatives shall hold their offices for two years. Every two years thereafter there shall be elected for four years one Senator in each Senatorial District in which the term of his predecessor in office will then expire, and in every Representative District one Representative for two years."

In implementing this Section the Senate in 1894 adopted a plan whereby the terms of all the Senators representing even-numbered districts expire at the same time and the terms of those representing odd-numbered districts expire two years later. See 1894 Senate Journal, page 127. In accordance with this Section as implemented only the terms of the Senators from the odd-numbered districts expire in 1963 and, as previously stated, this fact was recognized in the emergency clause of the Redistricting Act.

The Act does not abolish the office, nor shorten the term of the Senator presently representing the Twelfth District and it is doubtful whether the Legislature could validly have done so. Payne v. Davis, Ky.,

254 S.W.2d 710. Contrary to appellant's contention, it is our opinion that the Act did not create a new Twelfth Senatorial District but merely changed the geographic boundaries of that District. Therefore, there is no vacancy in the office of Senator from the Twelfth District.

Section 35 of the Kentucky Constitution states:

"The number of Representatives shall be one hundred, and the number of Senators thirty-eight."

If another Senator were permitted to be elected from the Twelfth Senatorial District there would be a violation of Section 35 as the number of Senators would exceed 38.

Admittedly the redistricting has caused an unusual situation in which the Senator representing the Twelfth District neither lives within the boundaries of that District as presently constituted nor was he elected by the people who do live within them. However, as stated in Selzer v. Synhorst, 253 Iowa 936, 113 N.W.2d 724:

"* * * The idea that we are personally represented and represented only by officials for whom we have voted stretches too far the theory of representative government. In some states our incumbent President did not receive a majority vote. In Washington, D. C., the residents did not vote at all. The President however, is still the President of all the people."

Although a Senator is required by Section 32 of the Kentucky Constitution to be a resident of the district from which he is elected, once he is elected he represents generally all the people of the state and specifically all the people of his district as it exists during his tenure in office. Certainly no one would suggest that a Senator represents only those persons who voted for him. The fact that the persons who are represented by the Senator from the Twelfth District are no longer the ones who elected him indicates there is a hiatus following a redistricting of the state. However, this situation is comparable to that which results when persons move from one district to another.

Section 33 of the Kentucky Constitution provides inter alia that the Legislature shall redistrict the state every ten years. The framers of the Constitution must have realized that for two years after each redistricting there would be some persons in the state who would not be represented in the Senate by a Senator of their own choosing. Apparently the men who framed our Constitution thought that this circumstance was offset by the desirability of maintaining a Senate, in which at least one-half of the members are always experienced men. Section 31, Kentucky Constitution; Cf. People ex rel. Snowball v. Pendegast, 96 Cal. 289, 31 P. 103.

In light of Sections 31, 33 and 35 of our Constitution we conclude that appellant is not entitled to the certificate of nomination which he seeks by this action.

The judgment is affirmed.